IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNY WOODSON,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**                                         **No. 11 - CV - 00054 DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This cause is before the Court on petitioner's writ of habeas corpus (Doc. 1). Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his April 13, 1998, conviction in the U.S. District Court for the Eastern District of Arkansas for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and distribution of cocaine base in violation of 21 U.S.C. §841(a)(1). Petitioner was sentenced to 360 months' imprisonment on September 22, 1998. He appealed this conviction with the Eighth Circuit, which affirmed the conviction on July 26, 1999. Petitioner then filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255, which was denied August 7, 2001, and on October 26, 2001, the Eighth

Circuit denied petitioner's certificate of appealability. Petitioner filed for leave to file another § 2255 motion, which was denied by the Eighth Circuit on March 19, 2002. Petitioner filed with this Court a § 2241 petition, which was denied on January 12, 2004. Petitioner filed the instant action before this Court on January 21, 2011.

RULE 4 of the RULES GOVERNING § 2254 CASES IN UNITED STATES DISTRICT COURTS provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULE 1(b) gives this Court the authority to apply the RULES to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally a prisoner may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A petition brought pursuant to 28 U.S.C. § 2241 by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of the detention. § 2255(e); *see also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that petitioner may be barred from bringing a second § 2255 motion is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in his conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The court stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as *having been imprisoned for a nonexistent offense*." *In re Davenport,* 147 F.3d at 611 (emphasis added). This Circuit recently clarified the standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer*, 347 F.3d at 218.

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, he merely asserts that he received an illegal sentence enhancement under 21 U.S.C. § 851. He claims that a prior felony drug conviction was *nolle prosequied* by the state. But due to the state court's late filing of its order of *nolle prosequi*, he was unable to raise the issue in his § 2255 motion. Petitioner relies on *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001), in which the petitioner Garza consulted the Inter-American Commission on Human Rights

regarding the use in his sentencing of previous murders for which he had not been tried. The Commission wrote a report in which it pointed out that the use of the previous murders amounted to a violation of international human-rights norms to which the United States had committed itself. *Garza*, 253 F.3d at 920. Ultimately the Seventh Circuit found that because Garza would not have been able to raise a treaty violation on his own, as the treaty at issue did not grant individual rights, he could not have raised the issue in his first § 2255 motion, which was decided before the Commission's report. *Id.* at 922–23. Further, the report did not concern newly discovered evidence or a new rule of constitutional law, so Garza could not have raised it in a successive § 2255 motion either. *Id.* at 923. As a result, the Seventh Circuit held that § 2255 was inadequate for Garza to challenge the legality of his sentence and allowed him to bring his § 2241 petition. *Id.*

Unlike Garza, petitioner could have raised the *nolle prosequi* issue in his first § 2255 motion. The state judge's order was signed on January 23, 1998 (Doc. 1, p. 12), and petitioner was not sentenced until September 22, 1998. Thus he could have challenged his sentence enhancement either on appeal or in his § 2255 motion. Petitioner argues that he could not raise the *nolle prosequi* issue earlier because the state court's clerk did not issue the order until after his § 2255 motion. But petitioner is referring to the order to seal issued on March 4, 2003, which is not relevant (Doc. 1, p. 13). As stated above, simply because petitioner may be barred from bringing a successive § 2255 petition does not render it an inadequate remedy. *In re Davenport,* 147 F.3d at 609–10. As a result, § 2255 does not prove to be an

inadequate or ineffective means of relief.

Therefore, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Signed this 28th day of April, 2011.

                                              Digitally signed by David R. Herndon
                                              Date: 2011.04.28 12:53:04 -05'00'

                                              **Chief Judge
United States District Court**